IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE<br>CHARLES MARTINEZ FONTANEZ &<br>AMARILIS SEMIDEY ALICEA<br>SSN # 9363 / #3426<br>  Debtors | BANKRUPTCY 20-02518 EAG<br><br>CHAPTER 13 |

JOINT DEBTOR'S REQUEST TO BIFURCATE / SEVER CASE &
NOTICE TO CONVERT TO CHAPTER 7 IN HIS INDIVIDUAL & SEVERED CASE

TO THE HONORABLE COURT:

COMES NOW joint debtor, **CHARLES MARTINEZ FONTANEZ** through new legal representation who respectfully prays as follows:

1. This case was filed by the married debtors, CHARLES MARTINEZ FONTANEZ & AMARILLIS SEMIDEY ALICEA on **June 29, 2020** under chapter 13 as a joint case. The case has never been formally consolidated under §302(b), nor has any creditor or party in interest requested consolidation.
2. Since filing this case, debtors have dissolved their marriage and are now divorced since November 2020. **Exhibit #1 Divorce Decree PA 2020 cv 00017 RF.**
3. Joint debtor Charles Martienz Fontanez has retained new legal representation and wishes to request the conversion of his individual case to chapter 7 due to his already constricted income and budget which shows a negative disposable income from the inception of the case for both debtors.
4. Joint debtor requests the bifurcation of his case from his ex-spouse's case to allow him to convert his individual case to chapter 7 pursuant to §1307(a) of the Bankruptcy Code, as is his right.
5. Attorney Manuel E. Fuster, Esq., will continue to represent joint debtor Amarilis Semidey Alicea in her bifurcated and individual chapter 13 case.
6. There is a confirmed Plan since **February 3, 2021** in the chapter 13 case that we understand will continue to be funded by Ms. Semidy Alicea, to pay the IRS claim that is related to her exclusively. Refer to doc #33.
7. Joint debtor, Charles Martinez Fontanez further prays that he be allowed to pay the bifurcation fee of $310 in installments in equal parts of $103, $103 & $104 every 30 days from the Order of this Court. This event is not available under the facts of

a bifurcation and sever of the two cases in the CmEcf system, as far as we have been able to verify.

8. Amended Schedules I & J will be filed upon allowance of this attorney's substitution as legal counsel for joint debtor, Charles Martínez Fontanez, and allowance of the bifurcation of the 'joint' cases; we further pray to allow the filing of the same original Schedules filed in the joint case with the change in address of the joint debtor and of course, the amendment and bifurcation of income and expenses at Schedules I & J.

WHEREFORE, joint debtor Charles Martínez Fontanez prays for allowance to bifurcate his case and convert the same to chapter 7.

## NOTICE

Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (I) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

I HEREBY CERTIFY, that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF Filing System which will send a notification, upon information and belief, of such filing to the Chapter 13 Trustee and to all subscribed users, especially Manuel E. Fuster Martinez, Esq at fuster_law_office@yahoo.com. We will serve by regular mail this document to any creditor and the debtors as per the court's master address list upon knowing that they are non CM/ECF participants without the Exhibit referenced herein.

In Caguas, Puerto Rico, this 16th day of March 2022.

s/ *L.A. Morales*
LYSSETTE MORALES VIDAL
USDC PR #120011
L.A. MORALES & ASSOCIATES P.S.C.
76 CALLE AQUAMARINA
CAGUAS, PUERTO RICO 00725-1908
TEL 787-746-2434 eFAX 1-855-298-2515
Email lamoraleslawoffice@gmail.com

Estado Libre Asociado De Puerto Rico
TRIBUNAL DE PRIMERA INSTANCIA
**SALA SUPERIOR DE PATILLAS**

| | |
|---|---|
| **CHARLES MARTÍNEZ FONTÁNEZ**<br>**AMARILIS SEMIDEY ALICEA**<br>PETICIONARIOS<br><br>VS.<br><br>**EX-PARTE** | CIVIL NÚM.: **PA2020RF00017**<br>SALA 202<br><br>SOBRE:<br><br>**DIVORCIO**<br>(CONSENTIMIENTO MUTUO) |

# SENTENCIA

En el presente caso se presentó una Petición jurada de divorcio por la causal de Consentimiento Mutuo el día 6 de octubre de 2020.

A la vista en su fondo celebrada el 24 de noviembre de 2020 comparecen los peticionarios, Sr. Charles Martínez Semidey por derecho propio a través del sistema de videoconferencia y la Sra. Amarilis Semidey Alicea, por derecho propio vía telefónica.

El Tribunal, examinó bajo juramento a ambos peticionarios y se convenció de que la decisión de solicitar conjuntamente la disolución del vínculo matrimonial existente entre ellos no es producto de la irreflexión o de la coacción. Por lo cual, se declara **CON LUGAR** la Petición de divorcio por la causal de mutuo consentimiento.

Durante su matrimonio, los peticionarios no procrearon ni adoptaron hijos. La peticionaria no se encuentra en estado de embarazo. Por lo antes expuesto, nada se dispone en cuanto a custodia, patria potestad, relaciones filiales y pensión alimentaria.

Las partes no adquirieron bienes, pero sí deudas gananciales. Además, cabe señalar que ambas partes se encuentran acogidas a la Ley de Quiebras.

Acorde con el análisis de la prueba desfilada y las disposiciones de los Artículos 96 y 97 del Código Civil de Puerto Rico, 31 L.P.R.A., Secciones 321 y 331, según enmendado por la Ley 192 del 18 de agosto de 2011,

el Tribunal declara **HA LUGAR** la petición de divorcio por la causal de consentimiento mutuo, y en su consecuencia, decreta roto y disuelto el vínculo matrimonial existente entre los peticionarios.

El matrimonio aquí disuelto se contrajo el 26 de diciembre de 2015 en Patillas, Puerto Rico, y consta inscrito en el Certificado Número 152-2016-00005-016772-2241288-02017046.

Transcurridos treinta (30) días desde el archivo en autos de la notificación de la presente Sentencia de Divorcio, sin que cualesquiera de los cónyuges radicaren escrito juramentado notificando su desistimiento, la misma advendrá final y firme.

**REGÍSTRESE Y NOTIFÍQUESE.**

Dada en Patillas, Puerto Rico, a 24 de noviembre de 2020. Reducida a escrito, hoy 30 de noviembre de 2020.

*f/***HARRY E. RODRÍGUEZ GUEVARA
JUEZ SUPERIOR**